**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**BIG STONE GAP DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| | ) ) ) ) | **COMPLAINT** <br> **JURY TRIAL DEMAND** |
| ADVANCE STORES COMPANY, INCORPORATED d/b/a ADVANCE AUTO PARTS | ) ) ) ) ) | |
| Defendant. | ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans With Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Jeffrey Scott Sanders, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("Commission" or "Plaintiff") alleges that Defendant Advance Stores Company, Inc. d/b/a Advance Auto Parts ("Defendant") has committed unlawful discrimination in violation of the ADA by failing to hire Jeffrey Scott Sanders because of his disability, cerebral palsy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Virginia, Big Stone Gap Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously conducted business in the State of Virginia and the County of Wise, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Jeffrey Scott Sanders filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. On or about September 2004, Defendant engaged in an unlawful employment practice at its facility in Norton, Virginia in violation of Sections 102(a), (b)(1) and (b)(4) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) and (b)(4). Specifically, Defendant failed to hire Jeffrey Scott Sanders as a salesperson at its Norton facility because of his disability, cerebral palsy. In 2004, Mr. Sanders successfully completed an internship as a salesperson at Defendant's Staunton facility through a training program he participated in. Mr. Sanders is a qualified individual with a disability, who can perform the essential functions of the salesperson position he sought with or without a reasonable accommodation. Despite his qualifications, Mr. Sanders was rejected as an applicant for the salesperson position and at least one other individual who was less qualified than Mr. Sanders was hired instead.

9. The effect of the practice complained of in paragraph 8 above, has been to deprive Jeffrey Scott Sanders of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

10. The unlawful employment practice complained of in paragraph 8 above, was intentional.

11.     The unlawful employment practice complained of in paragraph 8 above, was done with malice or with reckless indifference to the federally protected rights of Jeffrey Scott Sanders.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination, including discrimination in hiring, and any other employment practice which discriminates on the basis of disability.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to implementing a policy that prohibits disability discrimination and conducting employee training regarding such policy.

C.     Order Defendant to pay Jeffrey Scott Sanders appropriate back pay in amounts to be determined at trial, and prejudgment interest, and prvide other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement or front pay in lieu thereof.

D.     Order Defendant to make whole Jeffrey Scott Sanders by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

E.     Order Defendant to make whole Jeffrey Scott Sanders by providing compensation

for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

  F. Order Defendant to pay Jeffrey Scott Sanders punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

 /s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C.  28202

/s/ Tracy Hudson Spicer
TRACY HUDSON SPICER
Supervisory Trial Attorney
Washington Field Office
1801 L Street, N.W., Suite 100
Washington, D.C.  20507

 /s/ Suzanne L. Nyfeler
SUZANNE LENAHAN NYFELER
Senior Trial Attorney
Virginia Bar No. 40450
Richmond Local Office
830 East Main Street, Suite 600
Richmond, Virginia 23219
Tel:  (804)771-2215
Fax: (804) 771-2222